THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VÍCTOR CRUZ NATAL, Defendant and Appellant.

No. 10278. Argued December 13, 1943.—Decided January 18, 1944.

*A. Reyes Delgado* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The appellant, Víctor Cruz Natal, was convicted by a jury on a charge of robbery and sentenced by the District Court of Arecibo to three years' imprisonment in the penitentiary. In this appeal, he urges that said court erred (1) in depriving him of his right to cross-examine three witnesses for the prosecution; (2) in allowing the district attorney tó read to the jury the sworn statement made before him by the witness for the prosecution, Domingo Gómez, and in admitting the testimony of the district attorney himself to impeach the veracity of said witness; and (3) in acting under the influence of passion, prejudice, and partiality during the trial by inducing the jury to bring in a verdict of guilty without any evidence to support the same.

The information in this case was filed against three defendants: Víctor Cruz, the appellant herein, Aníbal Romero, and Ismael Pineda Carrión, and alleged, that they had taken a ten-dollar bill and a box of hypodermics from the person of Perfecto Colón by means of force or intimidation. The appellant requested a separate trial which was granted. We now proceed to consider the three errors assigned.

 We will discuss the first and third assignments jointly. We have carefully read the evidence for the prosecution—the only one introduced in the case—and, although we think that the trial judge needlessly intervened at times in the examination of the witnesses, it can not be inferred that he acted under the influence of passion, prejudice, or partiality. It is true that he limited the cross-examination of the first three witnesses, Eduardo Castro, Antonio Barreto, and José Sánchez, but this was due to the fact that these witnesses had already testified that they knew nothing about the intervention of the accused, for they had not seen him on the night of the occurrence. The phrase used by the judge: "I can not waste time," of which the appellant complains, can not be considered isolately. The complete

remarks by the judge were as follows: "The court has decided the matter. I can not waste time. Up to now there is nothing against this man. He must be acquitted if there is nothing against him." Hence, it was rather a warning to the district attorney that he must introduce evidence, if he had any, against the accused, for there was nothing in the testimony of the first three witnesses which would tend to connect him with the crime charged; and it was asserted that he must be acquitted if there was no evidence against him.

The second assignment has two features.

1. The witness Domingo Gómez testified that he had seen only two persons attack the injured party on the street below and that he had seen the accused up in the market place. The district attorney asked him whether he had made a statement before him at the preliminary examination, and the witness answered in the affirmative. Having thus laid a foundation for contradicting its testimony, the district attorney, after showing the former statement to counsel for the defense, turned it over to the witness himself in order that he might read it. Then the following incident occurred:

"Q. Did you read that statement?—Yes, sir.

"Q. How many do you mention in that statement?

"Attorney Santos Borges: It is not what the declaration mentions, but what he saw.

"Judge: You may ask him why he stated that.

"District Attorney: I want to cooperate with the witness. He really may be forgetful. I want to help him.

"Q. You did not make a statement before the district attorney? —I made a statement before the distric attorney, but I stated that in this matter there were two men below and one above, who hit me.

"Q. How many were there?—Three, including the one who hit me.

Thereupon the district attorney, without any objection on the part of defense counsel, read out to the jury the former testimony of the witness. No exception was taken either. Then the judge asked the witness why he had stated before

that three men had seized the injured party and the witness answered: "I can not understand how I could have said that there were three."

2. On direct examination, the district attorney asked the witness whether on the day of the trial he had stated to him that he had seen the accused accompanied by the other two defendants who participated in the hold-up of the injured party, and upon the witness answering in the negative, the district attorney testified to that effect, and he was corroborated by the testimony of José Galarza, a policeman, who witnessed the incident in the office of the district attorney.

Since the foundation was properly laid, as required by §§243 and 245 of the Code of Civil Procedure, we are of opinion that the evidence was admissible, especially as to the first feature above mentioned which was not objected nor excepted to by the accused. *People* v. *Méndez*, 39 P.R.R. 590.

The facts and circumstances involved in the case of *People* v. *Lafontaine*, 43 P.R.R. 21, and other decisions cited by the appellant are different from those of the case at bar. In the *Lafontaine* case, objection was made and exception taken to the evidence, which was subsequently sought to be stricken out and request was made for a special instruction to the jury, and it was held:

"If, as has happened in other cases, no objection had been made by the adverse party, the question could not have been raised on appeal; but here the adverse party repeatedly requested the court to uphold his right to read the writing himself, and the court refused to grant him such request. The writing might have contained other statements supporting the present testimony of the witness.

"Moreover, counsel for the defendant finally moved the court to strike out the statement read by the district attorney and to instruct the jury not to take it into account at any time, on the ground that the purpose sought by the district attorney was to introduce a statement which he could not otherwise introduce, and all that the court did was to say: 'Objection overruled.'"

In the case at bar, the former declaration was shown to the witness in order that he might read it, and he was given an opportunity to explain the contradiction, but he confined himself to the statement: "I can not understand how I could have said that there were three." There was no showing that the witness had been coerced in any way when he made his former written statement, nor was there any denial or satisfactory explanation of the statements which he had made to the district attorney on the day of the trial. We have no doubt that the witness was hostile and surprised the district attorney with his testimony at the trial, and that the evidence was admissible to contradict him and to enable the jury to judge of his credibility.

The judgment appealed from must be affirmed.

Mr. Justice Snyder did not participate herein.